# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2825

_____

United States of America

*Plaintiff - Appellee*

v.

Leron L. Morris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 18, 2019
Filed: August 22, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, KELLY and KOBES, Circuit Judges.

_____

PER CURIAM.

Leron L. Morris pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] imposed a

_____

[1] The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

sentence of 68 months, an upward variance of 17 months from the recommended Guidelines range. On appeal, Morris argues that his previous conviction for robbery, in violation of 18 U.S.C. § 2112, does not qualify as a crime of violence because that offense does not require "violent force" under Johnson v. United States, 559 U.S. 133, 140 (2010), and it is not an enumerated offense under U.S.S.G. § 4B1.2(a). We hold that Morris's arguments are foreclosed by Stokeling v. United States, 139 S. Ct. 544 (2019), and affirm.

We review *de novo* a district court's conclusion that a prior conviction qualifies as a crime of violence. United States v. Sykes, 914 F.3d 615, 619 (8th Cir. 2019). Morris's predicate offense makes it a crime to "rob[] or attempt[] to rob another of . . . personal property belonging to the United States." 18 U.S.C. § 2112. By simply punishing "robbery," Congress "le[ft] the definition of th[is] term[] to the common law." Carter v. United States, 530 U.S. 255, 267 n.5 (2000). Morris agrees that the "federal robbery statute incorporates the common law meaning of force" but claims that it "does not require the use, attempted use, or threatened use of force as that term is defined in Johnson." The Supreme Court, however, has recently clarified that "Congress made clear that the 'force' required for common-law robbery would be sufficient to justify an enhanced sentence under the new elements clause." Stokeling, 139 S. Ct. at 551. Since that decision, we have recognized that a common law robbery conviction is a crime of violence under the elements clause because it requires "force sufficient to overcome a victim's resistance." Sykes, 914 F.3d at 620. As a result, Morris's conviction under 18 U.S.C. § 2112 is a crime of violence.

We affirm Morris's sentence.

_____